UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:17-CV-00758-LLK

EARLINE BUNTYN-JAMES                                                                PLAINTIFF

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security                          DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's pro-se Complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying her claim for Social Security disability benefits. The matter is ripe for determination.

Plaintiff consented to the jurisdiction of Magistrate Judge Whalin to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals. (Docket # 12). Following Magistrate Judge Whalin's retirement, the Court reassigned the matter to the undersigned Magistrate Judge for all further proceedings. (Docket # 20). Plaintiff has impliedly consented to the jurisdiction of the undersigned.[1]

### Background facts and procedural history

Plaintiff filed her complaint, and the Commissioner filed her answer, along with a copy of the administrative record. (Dockets # 1, 9, 10). The Court ordered Plaintiff to file her fact and law summary. (Docket # 11). The fact and law summary form appended to the order explained that "[t]he issues before the Court are whether the Findings set forth in the final decision of the Commissioner are supported by substantial evidence in the administrative record and whether the proper legal standards were applied." (Docket # 11, p. 3).

---

[1] *See Roell v. Withrow*, 538 U.S. 580, 590 (2003) (Implied consent found to be present where parties "voluntarily appeared to try the case before the Magistrate Judge," in part, to "depriv[e] parties of the luxury of waiting for the outcome before denying the magistrate judge's authority"); *Stevo v. Frasor*, 662 F.3d 880, 884 (7th Cir. 2011) (Upon case reassignment to a second magistrate judge, plaintiff's express consent to authority of first magistrate judge deemed implied consent to authority of second magistrate judge where plaintiff proceeded without objection); *Wilhelm v. Rotman*, 680 F.3d 1113, 1119-20 (9th Cir. 2012) (same).

Plaintiff filed her fact and law summary. (Docket # 19). In her fact and law summary, Plaintiff argued that the ALJ erred in considering the opinion of the vocational expert (VE) and any other person employed by the Social Security Administration who did not know her personally and in issuing a denial decision in the absence of a trial by jury. These arguments are not in compliance with the instructions on the fact and law summary form, which directed Plaintiff to identify which of the administrative law judge's (ALJ's) specific findings she alleges are unsupported by substantial evidence and to support such allegations with page references to the administrative record. (Docket # 11, p. 3). The Commissioner filed her responsive fact and law summary, which consisted of a summary of the ALJ's decision and a conclusory assertion (in the absence of any proper argument by Plaintiff) that the decision was supported by substantial evidence. (Docket # 22).

Rather than engage in an open-ended, directionless review of the ALJ's decision (rather akin to the Court acting as Plaintiff's attorney), the undersigned entered an Order that was tantamount to a belated screening of Plaintiff's fact and law summary. (Docket # 23). The Order explained to Plaintiff that there is no requirement that the VE and other persons knew Plaintiff personally before they may testify or offer expert opinion relevant to her disability claim and that there is no right to jury trial in Social Security disability cases. The Order advised the pro-se Plaintiff to seek out counsel who can represent her competently in this matter. The Order required that "within 30 days of entry of this Order, Plaintiff shall obtain, complete, and submit the Fact and Law Summary form, and she may append to her Fact and Law Summary a memorandum of law."

Plaintiff did not obtain counsel but did submit a new fact and law summary. (Docket # 24).

**Discussion**

Like her prior fact and law summary (Docket # 19), Plaintiff's new fact and law summary (Docket # 24) fails to identify which specific findings she alleged are unsupported by substantial evidence and fails to support such allegations with page references to the administrative record. Instead, Plaintiff reiterates

2

her argument regarding the VE's not knowing her personally, asserts that the VE was just "blowing smoke" and that the VE meets the dictionary definition of a "prostitute" (offering "oneself or services for money"). Plaintiff adds that a number of other professionals involved in the processing of her disability claim fall into essentially the same category as the VE, including the state-agency reviewing psychologists, the state-agency reviewing physician, the state-agency disability adjudicator, and the one-time examining psychologist. Plaintiff accuses the Social Security Administration of pretending to have "more authority than GOD" and to have been established as part of "Franklin Delano Roosevelt's New Deal Propaganda."

These arguments are inappropriate in the context of the present complaint seeking judicial review of the ALJ's decision pursuant to 42 U.S.C. § 405(g). As the fact and law summary form explains, "[t]he issues before the Court are whether the Findings set forth in the final decision of the Commissioner are supported by substantial evidence in the administrative record and whether the proper legal standards were applied." (Docket # 11, p. 3).

**Order**

Therefore, the final decision of the Commissioner is AFFIRMED, and Plaintiff's complaint is DISMISSED.

November 16, 2018

Lanny King, Magistrate Judge
United States District Court